IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WESLEY PERRY, JR., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:21-cv-01218-N (BT) | |
| § | | |
| MICHELLE RAGLIN, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action under 42 U.S.C. § 1983 filed by *pro se* Plaintiff John Wesley Perry, Jr. On Ma7 27, 2021, the Court issued an Order and Notice of Deficiency (ECF No. 5) and mailed Perry a copy. On June 15, 2021, the mail was returned to the Court as undeliverable, refused, and unable to forward. (ECF No. 7.) Perry has failed to provide the Court with a new address. Therefore, this case should be dismissed without prejudice pursuant to Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the

disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Perry has failed to keep the Court apprised of his current address. Perry filed this case on May 25, 2021. He filed his complaint on the approved form, which reminded him of his obligation to keep his address current. (ECF No. 3 at 2) ("CHANGE OF ADDRESS. It is your responsibility to inform the court of any change of address and its effective date. . . . Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure."). Perry also signed the complaint underneath several declarations, including one that provided: "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (*Id.* at 5). On May 25, 2021, the Court mailed Perry Instructions to a Prisoner *Pro Se* Plaintiff, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 2.) The Court also mailed Perry an order advising him of various deficiencies in his pleadings and that he had not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. (ECF No. 5.) The Court gave Perry until June 28, 2021 to cure the deficiencies, and to date, he has failed to address the identified deficiencies.

On May 27, 2021, the Court mailed Perry the Order and Notice of Deficiency. (ECF No. 5.) But that mail was returned to the Court marked, "Return to Sender – Refused – Unable to Forward." (ECF No. 7 at 1.) Perry has failed to provide the Court with a current address, and the Court is unable to communicate with him regarding his case. By failing to provide the Court with a current address, Perry has failed to comply with a court order and failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Perry's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 16, 2021.

                                        REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).